**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
EDGEWOOD PARTNERS INSURANCE
CENTER INC. d/b/a EDGEWOOD
PARTNERS INSURANCE AGENCY, as
successor in interest to INTEGRO USA, INC.,

                        Plaintiff,

  -against-

PPD DEVELOPMENT, L.P.,

                        Defendant.
-------------------------------------------------------X

**COMPLAINT**

22-cv-6957

Plaintiff Edgewood Partners Insurance Center Inc. d/b/a Edgewood Partners Insurance Agency, as successor in interest to Integro USA, Inc. ("Plaintiff"), as and for its Complaint against defendant PPD Development, L.P. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     This action arises out of an agreement for Plaintiff to provide Defendant with consulting services for Defendant's employee medical benefits plan, entered into on or about June 19, 2019 ("Consulting Agreement"). Plaintiff's services through the Consulting Agreement have netted significant savings for Defendant, far above those projected for 2020 and 2021.

2.     Despite receiving the substantial and material benefit of Plaintiff's work—in the form of millions of dollars in employee benefits cost savings—Defendant has failed to pay Plaintiff the amounts owed for this work under the Consulting Agreement.

3.     In violation of multiple confidentiality obligations, Defendant disclosed the Consulting Agreement with its associated terms to Plaintiff's competitors.

4.      Plaintiff brings this action to recover what it is owed under the Consulting Agreement in the principal amount of One Million, One Hundred and Nine Thousand, Two Hundred and Thirty-Six Dollars ($1,109,236), as well as damages arising from the disclosure and injunctive relief barring further disclosure.

## PARTIES AND JURISDICTION

5.      Plaintiff is a California corporation authorized to transact business and to bring this action in the State of New York through the fictitious name Edgewood Partners Insurance Agency.

6.      Upon information and belief, Defendant is a Delaware limited partnership with its principal place of business located at 929 North Front Street, Wilmington, NC 28401.

7.      Per the Consulting Agreement, Plaintiff and Defendant stipulated to submit solely to the jurisdiction of any appropriate court in New York County, New York.

8.      This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds $75,000.

9.      This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367, and under principles of pendent jurisdiction.

## FACTUAL BACKGROUND

10.      On or about June 19, 2019, Plaintiff and Defendant entered into a Consulting Agreement whereby Defendant sought assistance from Plaintiff with strategic benefits planning, design, funding, administration, and communication for its employee benefit programs, commencing May 1, 2019, and continuing until December 31, 2021.

11.      After significant negotiations, Plaintiff and Defendant organized the Consulting Agreement to provide for two tiers of compensation; (a) a base fee for Plaintiff's provision of services, and (b) an annual success or penalty fee (with maximum limits) if the employee health

benefits plan developed by Plaintiff (the "Edgewood Plan") resulted in savings compared to Defendant's previous plan, which was placed by a consultant that preceded Plaintiff (the "Prior Plan").

12.     Paragraph 1 of Exhibit 1 of the Consulting Agreement provides for the base fee, which is a certain dollar amount per employee per month, offset by commissions Plaintiff receives in connection with the Edgewood Plan.[1]

13.     The remainder of Exhibit 1 of the Consulting Agreement sets out the method of determining the success fee.

14.     The success fee reflects whether Plaintiff has saved Defendant money compared to Defendant's Prior Plan.

15.     The success fee for each year is determined by comparing the total cost of care, per member per year, of Defendant's Prior Plan against the total cost of care, per member per year, of the Edgewood Plan.

16.     The success fee is earned if the savings provided by the Edgewood Plan exceed the savings target calculated from Defendant's Prior Plan.

17.     The success fee is capped at a certain percentage of savings.

18.     During both 2020 and 2021, Plaintiff met and exceeded all goals set forth in the Consulting Agreement, resulting in Defendant having saved under the Edgewood Plan an amount indisputably far more than Ten Million Dollars ($10,000,000) as compared to its Prior Plan.

19.     Despite such significant savings, Defendant failed to pay to Plaintiff the 2020 success fee (due in April 2021) and has also failed to pay the base fee and success fee for 2021.

---

[1] The specific fees are being maintained confidential in accord with the confidentiality provision of the Consulting Agreement.

20.     The unpaid base fee is One Hundred Seventy-Seven Thousand, Seven Hundred and Seventy Dollars ($177,770), which was earned by Plaintiff for services provided in 2021 (the "Base Fee").

21.     Defendant has acknowledged that it does not dispute the Base Fee.

22.     Defendant refuses to pay Plaintiff the Base Fee.

23.     The savings for 2020 exceeded the fifty percent (50%) savings cap, resulting in Plaintiff having earned a success fee of Four Hundred Twenty-Nine Thousand, Four Hundred Ninety-One Dollars ($429,491) for that year (the "2020 Success Fee").

24.     Defendant has acknowledged that it does not dispute the 2020 Success Fee.

25.     Defendant refuses to pay Plaintiff the 2020 Success Fee.

26.     The savings for 2021 also exceeded the fifty percent (50%) savings cap, resulting in Plaintiff having earned a success fee of Five Hundred and One Thousand, Nine Hundred Seventy-Four Dollars ($501,974) for that year (the "2021 Success Fee").

27.     Plaintiff fulfilled its obligations per the Consulting Agreement.

28.     During the parties' 30-month business relationship under the Consulting Agreement, the Edgewood Plan consistently generated savings for Defendant such that Plaintiff earned the maximum amount set forth under Exhibit 1.

29.     Defendant has breached the Consulting Agreement by failing to pay the Base Fee, the 2020 Success Fee, and the 2021 Success Fee, which are due and owing to Plaintiff.

30.     Defendant has been in breach of the Consulting Agreement since April 2021, when it first failed to pay the amounts owed under the 2020 Success Fee to Plaintiff.

31.     The Consulting Agreement contains information confidential and proprietary to Plaintiff, including but not limited to the details of Plaintiff's unique approach to structuring employee health benefits plans.

32.     Paragraph 13 of the Consulting Agreement, entitled Confidentiality, provides in part that "[t]he parties acknowledge and agree that this Agreement and its terms and conditions are confidential, and contain confidential and proprietary information of both [Plaintiff] and [Defendant]. Neither [Plaintiff] nor [Defendant] shall disclose copies of this Agreement to any party for any purpose without the prior written consent of the other party…."

33.     Paragraph 16 of the Consulting Agreement further provides that "[e]ach party agrees not to provide copies of this Agreement, or otherwise disclose the terms of this Agreement, to any third party without prior written consent of the other party."

34.     Defendant has provided copies of the Consulting Agreement, claims analysis, and other associated confidential and proprietary information to at least one competitor of Plaintiff without Plaintiff's consent.

35.     Defendant has not disclosed whether the Consulting Agreement or other associated confidential and proprietary information has been provided to other third parties without Plaintiff's consent.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT
### (FAILURE TO PAY)

36.     Plaintiff reincorporates paragraphs 1 through 35 by reference as if fully restated herein.

37.     On or about June 19, 2019, Plaintiff and Defendant entered into a Consulting Agreement whereby Defendant sought assistance from Plaintiff with strategic benefits planning, design, funding, administration, and communication for its employee benefit programs.

38.     The Consulting Agreement is a valid and binding agreement between Plaintiff and Defendant.

39.     Plaintiff provided the assistance required by the Consulting Agreement in accord with industry standards and otherwise met all of its obligations under the Consulting Agreement.

40.     Defendant breached the Consulting Agreement by failing to pay Plaintiff amounts owed.

41.     As a direct and proximate result of Defendant's breach of the Consulting Agreement, Plaintiff has suffered damages in the total principal amount of One Million, One Hundred and Nine Thousand, Two Hundred Thirty-Six Dollars ($1,109,236), plus interest thereon.

## COUNT II - BREACH OF CONTRACT
## (CONFIDENTIALITY)

42.     Plaintiff reincorporates paragraphs 1 through 41 by reference as if fully restated herein.

43.     On or about June 19, 2019, Plaintiff and Defendant entered into a Consulting Agreement whereby Defendant sought assistance from Plaintiff with strategic benefits planning, design, funding, administration, and communication for its employee benefit programs.

44.     The Consulting Agreement is a valid and binding agreement between Plaintiff and Defendant.

45.     The Consulting Agreement contains information confidential and proprietary to Plaintiff, including but not limited to the details of Plaintiff's unique approach to structuring employee health benefits plans.

46.     The Consulting Agreement prohibited the disclosure of the Agreement to any party for any purpose without the written consent of the other party.

47.     In breach of the Consulting Agreement, Defendant, without Plaintiff's written consent, disclosed the Consulting Agreement, claims analysis, and other confidential and proprietary information to at least one direct competitor of Plaintiff.

48.     Plaintiff has been damaged by Defendant's disclosure of the Consulting Agreement in an amount to be proven at trial.

49.     Additionally, Plaintiff is entitled to an injunction preliminarily and permanently enjoining Defendant from further disclosing the Consulting Agreement to third parties without Plaintiff's consent in breach of its terms.

50.     Plaintiff faces irreparable harm as a result of Defendant's disclosure of the Consulting Agreement to Plaintiff's competitor, as well as from any other and future such disclosures, as the Consulting Agreement contains confidential and proprietary information, including but not limited to details of Plaintiff's unique approach to structuring employee health benefits plans.

51.     Plaintiff's damages from such wrongful disclosure cannot adequately be compensated through monetary damages alone, thereby requiring equitable relief in addition to compensatory relief.

52.     A balancing of the equities between Plaintiff and Defendant favors Plaintiff because (a) the parties mutually agreed to such non-disclosure as an express condition of the Consulting Agreement, and (b) greater harm would be done to Plaintiff if an injunction is not issued that would be done to Defendant if an injunction issued.

53.     Plaintiff, therefore, requests the Court to preliminarily and permanently enjoin Defendant from further disclosing or distributing the Consulting Agreement to third parties without Plaintiff's written consent.

## DEMAND FOR JURY TRIAL

54.     Plaintiff demands a trial by jury on all issues stated herein.

**WHEREFORE,** Edgewood Partners Insurance Center Inc. d/b/a Edgewood Partners Insurance Agency, Plaintiff in the above-styled action, respectfully prays as follows that:

(a)     Judgment be awarded to Plaintiff for its damages in the amount of One Million, One Hundred and Nine Thousand, Two Hundred Thirty-Six Dollars ($1,109,236), plus interest thereon;

(b)     Judgment be awarded to Plaintiff for its damages, in an amount to be proven at trial, arising from Defendant's disclosure of the Consulting Agreement;

(c)     The Court issue an order granting preliminary and permanent injunctive relief barring Defendant from violating its confidentiality obligations contained in the Consulting Agreement; and

(d)     Plaintiff have such other and further relief as deemed just and appropriate by this honorable Court.

*[Signatures on following page].*

Dated: White Plains, New York
       August 16, 2022

Respectfully submitted,

PORTALE RANDAZZO LLP

By: /s/ James A. Randazzo
James A. Randazzo
*Attorney for Plaintiff*
245 Main Street, Suite 340
White Plains, New York 10601
(914) 359-2400

STONE & BELLUS, P.C.

*/s/ John E. Bellus, Jr.*
John E. Bellus, Jr.
Georgia Bar No. 049728
*Attorney for Plaintiff*
6849 Peachtree Dunwoody Road
Building B-3, Ste. 100
Atlanta, GA 30328
(770) 390-9950
*Seeking admission pro hac vice*