USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGEWOOD PARTNERS INSURANCE CENTER
d/b/a Edgewood Partners Insurance Agency, as successor in interest to INTEGRO USA, Inc,

          Plaintiff,

-against-

PPD DEVELOPMENT, L.P.,

          Defendant.

22 Civ. 6957 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Edgewood Partners Insurance Center, brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332.  *See* Compl. ¶ 8, ECF No. 1.

    Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) requires a demonstration that the action is between citizens of different states.  Plaintiff's complaint alleges that Defendant PPD Development, L.P., is a limited partnership, but does not allege the complete membership of the partnership.  *Id.* at ¶ 6.  A limited partnership is not itself a citizen of the state in which it was created.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).  In determining whether complete diversity exists, the Court must look to the citizenship of all partners.  *Id.*

    Because Plaintiff's complaint does not allege the membership of all partners of Defendant, it does not contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1).  Therefore, by **August 25, 2022**, Plaintiff shall amend its pleading to allege the citizenship of all of the parties.  If Plaintiff fails to amend by the foregoing date to allege complete diversity, the complaint shall be dismissed for lack of subject matter jurisdiction.

    SO ORDERED.

Dated: August 18, 2022
       New York, New York

                                          ANALISA TORRES
                                      United States District Judge