UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGEWOOD PARTNERS INSURANCE
CENTER INC. d/b/a EDGEWOOD PARTNERS             22-CV-6957 (VF)
INSURANCE AGENCY, as successor in interest to
INTEGRO USA, INC.,                                              **ORDER**

                          Plaintiff,

             -against-

PPD DEVELOPMENT, L.P.,
                          Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Currently before the Court are two letter motions to seal from Defendant (ECF No. 35) and from Plaintiff (ECF No. 42). Both motions are unopposed. Having reviewed the parties' letters, the motions to seal at ECF Nos. 35 and 42 are **GRANTED.**

Defendant's motion requests to redact or seal certain exhibits attached to the Declaration of Aimee Hollis filed in connection with Defendant's Motion for Summary Judgment. ECF No. 35. Specifically, Defendant seeks to file the following documents under seal: (a) ECF No. 43-1, which is the Consulting Agreement between PPD and Integro USA, Inc (the "EPIC/PPD Agreement") executed June 19, 2019, (b) ECF No. 43-2, which contains financial information related to the amount of consulting fees Plaintiff claims it is owed under the EPIC/PPD Agreement (the "Fee Calculation Information"), and (c) ECF Nos. 43-3, 43-4, 43-5, 43-6, 43-8, which discuss the EPIC/PPD Agreement or Fee Calculation Information. Id. Defendant also seeks to redact portions of its Reply Memorandum in Support of its Motion for Summary Judgment (ECF No. 45), as well as the Declaration of Aimee Hollis (ECF No. 43), both of which quote the EPIC/PPD Agreement or reference the Fee Calculation Information. Id. The Court previously granted Defendant's prior motion to seal and redact the same information on

November 22, 2022. See ECF No. 32. Therefore, for the same reasons articulated in the November 22, 2022 Order, Defendant's motion to seal is **GRANTED.**

Plaintiff's motion requests to redact or seal portions of its response in opposition to Defendant's Motion for Summary Judgment. ECF No. 42. Specifically, Plaintiff seeks to file under seal (a) the Declaration of Tony Cannata (ECF No. 40); (b) the Declaration of Ryan Dwyer (ECF No. 41); and (c) the spreadsheets attached to the declaration of Ryan Dwyer, detailing EPIC's calculations in connection with Defendant's Summary Judgment Motion (ECF No. 41-1). See ECF No. 42. Plaintiff also seeks to redact portions of its Memorandum in Opposition to Defendant's Summary Judgment Motion (ECF No. 38) and the Local Rule 56.1 Statement of Facts (ECF No. 37) that include quotes from, and details about, the Consulting Agreement between the parties or reference calculations pertaining to the fees under the Agreement. Id. Plaintiff represents that this information "is confidential proprietary business information" and that "[d]isclosure of such information creates a significant risk of competitive harm to [Plaintiff]." Id. Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases). Plaintiff seeks to redact commercially sensitive business information and its interest in maintaining that information confidential outweighs the public's interest in the sealed material. As such, based on the standard set forth by the Second Circuit in Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006), Plaintiff's motion to seal is **GRANTED.**

The Clerk of Court is directed to terminate the motions at ECF Nos. 35 and 42.

**SO ORDERED.**

DATED:   New York, New York
         September 11, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge