UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDGEWOOD PARTNERS INSURANCE
CENTER INC. d/b/a EDGEWOOD PARTNERS
INSURANCE AGENCY, as successor in interest to
INTEGRO USA, INC.,
                            Plaintiff,

               -against-

PPD DEVELOPMENT, L.P.,
                            Defendant.
-------------------------------------------------------------------X

22-CV-6957 (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Currently before the Court are two letter motions to seal from Plaintiff (ECF Nos. 60, 70) and one from Defendant (ECF No. 65). All three motions are unopposed. Having reviewed the parties' letters, the motions to seal at ECF Nos. 60, 65 and 70 are **GRANTED.**

      Plaintiff's motions to seal request to redact portions of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Opinion & Order (ECF No. 62) and portions of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration (ECF No. 71). Plaintiff seeks to redact portions of the memorandums which include quotations and details of the Consulting Agreement between Plaintiff and Defendant or reference the calculation of Plaintiff's "Broker/Consultant Fees." ECF No. 60 at 1; ECF No. 70 at 1. This information "is confidential proprietary business information" and "[d]isclosure of such information creates a significant risk of competitive harm to [Plaintiff]." ECF No. 60 at 1; ECF No. 70 at 1.

      Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1

(S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases). Plaintiff seeks to redact commercially sensitive business information and its interest in maintaining that information confidential outweighs the public's interest in the sealed material. As such, based on the standard set forth by the Second Circuit in Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006), Plaintiff's motions to seal are **GRANTED**.

Defendant also seeks to redact portions of its Opposition Brief to Plaintiff's Motion for Reconsideration (ECF No. 66). Defendant seeks to redact portions of the motion which include quotes from the consulting agreement between Plaintiff and Defendant or reference the calculation of Plaintiff's consulting fees. ECF No. 65 at 1. The Court previously granted Defendant's motions to seal and redact the same information on November 22, 2022, and September 11, 2023. See ECF Nos. 32, 50. Therefore, for the same reasons articulated in the Court's November 22, 2022 Order, ECF No. 32, Defendant has met the standard for sealing set forth by the Second Circuit in Lugosch. Defendant's motion to seal is **GRANTED.**

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 60, 65 and 70.

**SO ORDERED.**

DATED:	New York, New York
	September 3, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge