

John E. Bellus Jr., Esq.
john@stonebellus.com

September 8, 2025

Honorable Judge Valerie Figueredo
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

    RE:    <u>Edgewood Partners Insurance Center, Inc. d/b/a Edgewood Partners Insurance Agency, as successor in interest to Integro USA, Inc. v. PPD Development, L.P.</u>, Civil Action No. 1:22-cv-06957-VF

Dear Judge Figueredo,

    Plaintiff Edgewood Partners Insurance Center, Inc. d/b/a Edgewood Partners Insurance Agency ("EPIC") respectfully submits this letter in support of redacting portions of its Reply in Support of Plaintiff's Motion for Reconsideration of the Opinion & Order [ECF 55] filed September 8, 2025 ("Reply"). Specifically, EPIC seeks to redact the portions of the Reply that include quotations and details of the Consulting Agreement between EPIC and PPD or reference calculation information. The Court has previously granted letter motions to redact similar information. *See, e.g.*, [ECF 50], [ECF 79], and [ECF 109].

    The information EPIC requests to redact or file under seal is confidential, proprietary business information. Disclosure of such information creates a significant risk of competitive harm to EPIC. The specifics of how EPIC structures its benefits plans are unique in the industry, as are the details of how EPIC handles shared savings. EPIC's base consulting fees are also confidential, and it would be detrimental to EPIC for them to be in the hands of a competitor. Broker/Consultant fees are not public information and competitors knowing the fee charged to PPD may result in a disadvantage to EPIC when competing for clients. The information contained in these documents is not stale and reflects the particulars of EPIC's current practices. EPIC endeavors to protect the secrecy of this information and to prevent further disclosure by way of its second cause of action in the Complaint, which seeks, *inter alia*, to enjoin PPD from further disclosure or distribution of the Consulting Agreement to third parties. [ECF No. 1 at 6-8].

Honorable Judge Valerie Figueredo
September 8, 2025
Page 2 of 2.

While there is a presumption of access to documents submitted for consideration in connection with a motion for summary judgment, the Court must also "consider the countervailing interests that weigh against public disclosure." Kewazinga Corp. v. Microsoft Corp., 1:18-CV-4500-GHW, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021).

> "The demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." Examples of commonly sealed documents include those containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."

Id. at *6 (citations omitted). The information contained within the Consulting Agreement and the fee calculation information is just such confidential and proprietary business information, and it is appropriate for the Court to permit it to be sealed. See, e.g., McCracken v. Verisma Sys., Inc., 6:14-CV-06248(MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) (finding that privacy interest in confidential financial and proprietary information "outweigh the presumption of public access, and that it is appropriate for these materials to [be filed] under seal"); Hesse v. SunGard Sys. Int'l, 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing documents containing "proprietary business information, including inter alia, the company's billing rates and project pricing"); GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (concluding that it is appropriate for documents containing trade secrets concerning the costs, development, marketing and distribution of products to remain under seal).

Accordingly, EPIC respectfully requests that the Court permit this commercially sensitive business information to be sealed. Thank you for your consideration of this matter.

Sincerely,

/s/ John E. Bellus, Jr.

John E. Bellus, Jr.

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: 9/9/25**

The motion to seal the reply memorandum of law is GRANTED. The Clerk of Court is directed to maintain the viewing restrictions at ECF No. 120. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 118.