UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGEWOOD PARTNERS INSURANCE
CENTER INC. d/b/a EDGEWOOD PARTNERS           22-CV-6957 (VF)
INSURANCE AGENCY, as successor in interest to
INTEGRO USA, INC.,                             **ORDER**
                            Plaintiff,


                -against-

PPD DEVELOPMENT, L.P.,
                          Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Plaintiff seeks leave to file a second amended complaint. ECF No. 116. In support of its motion, Plaintiff argues that leave to amend should be granted because after the close of fact discovery Defendant produced "documents" that it had withheld as work product and which "reveal" that Defendant breached a Non-Disclosure Agreement between the parties from June 2019, by disclosing "confidential information" to Plaintiff's competitor. By **October 24, 2025**, Plaintiff is hereby directed to submit a letter addressing the following points:

1. In its memorandum of law in support of the motion, Plaintiff refers to the newly disclosed evidence generally as "documents." See, e.g., ECF No. 117 at 4. Plaintiff is directed to provide a description of the specific document(s) it received after the close of fact discovery that it claims constitute new evidence, and also point to the specific information in those document(s) that it is relying on as new evidence in support of its new proposed theory of liability.

2. In the operative complaint, Plaintiff alleged that Defendant provided "copies of the Consulting Agreement, claims analysis, and other associated confidential and proprietary information to at least one competitor of Plaintiff without Plaintiff's consent." ECF No. 8

at ¶ 38; see also id. at ¶ 51. Plaintiff is directed to explain why it could not have asserted a breach of the Non-Disclosure Agreement when it filed its first amended complaint, given that it was in possession of the agreement and already had facts in its possession from which it pled that Defendant had disclosed information beyond the Consulting Agreement—namely, "claims analysis, and other associated confidential and proprietary information"—to Plaintiff's competitor.

**SO ORDERED.**

DATED:   New York, New York
         October 16, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge