UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

EDGEWOOD PARTNERS INSURANCE
CENTER INC. d/b/a EDGEWOOD PARTNERS
INSURANCE AGENCY, as successor in interest to
INTEGRO USA, INC.,

                              Plaintiff,

                            -against-

PPD DEVELOPMENT, L.P.,

                              Defendant.

---------------------------------------------------------------X

22-CV-6957 (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff Edgewood Partners Insurance Center Inc. ("EPIC") filed a second motion for reconsideration of the Court's opinion and order (see ECF Nos. 55, 64), which granted summary judgment to Defendant PPD Development, L.P. ("PPD") on Count I of the Amended Complaint. See ECF Nos. 105-07. PPD opposes the motion. See ECF Nos. 111-14. The factual and procedural background of this case is discussed in the Court's October 24, 2023 opinion, familiarity with which is presumed. See ECF Nos. 55, 64. None of the arguments raised by EPIC warrant reconsideration of the Court's prior decision. Accordingly, EPIC's second motion for reconsideration is **DENIED**.

To prevail on a motion for reconsideration under Federal Rule of Civil Procedure 54(b), the movant must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); see also Sussman Sales Co., Inc. v. VWR International, LLC, No. 20-CV-2869 (KPF), 2021 WL 6065760, at *2 (S.D.N.Y. Dec. 21, 2021). "This standard is exigent because 'reconsideration of a

1

previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Tears v. Bos. Sci. Corp., No. 17-CV-9793 (AJN), 2019 WL 2866847, at *1 (S.D.N.Y. July 3, 2019) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001)). Whether to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Abu Dhabi Com. Bank v. Morgan Stanley & Co., 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012).

In its second motion for reconsideration, EPIC argues that new evidence undermines PPD's argument in its summary judgment motion that the terms of the parties' Consulting Agreement were clear and unambiguous as it concerned calculation of the 2021 Success Fee underlying EPIC's breach-of-contract claim in Count I. See ECF No. 107 at 2-6, 8-14.[1] Specifically, EPIC points to testimony from PPD's corporate representative that PPD hired an independent actuary to perform the fee calculation and a November 2021 actuarial analysis prepared by PPD's independent actuary. As explained below, the evidence EPIC points to does not warrant reconsideration of the Court's summary judgment decision.

First, EPIC has not demonstrated that the evidence it relies on is new evidence. "When newly discovered evidence is the basis for reconsideration, 'the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered.'" In re Rezulin Products Liability Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (quoting Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V., No. 88-CV-9127 (DNE), 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992)). As PPD explains, EPIC would have known in November 2021, before this lawsuit

---

[1] Page numbers in citations herein refer to the original pagination in the documents filed electronically on the docket.

commenced, that PPD had hired an independent actuary to conduct the fee calculation. ECF No. 113 at 3-4. Additionally, in November 2021, PPD provided EPIC with the calculations in the actuarial analysis. Id. EPIC argues that the calculations in the actuarial analysis support its arguments at summary judgment concerning how the 2021 Success Fee should have been calculated. ECF No. 107 at 10-11. But EPIC had a version of these calculations since before the litigation commenced.[2] ECF No. 113 at 3-4.

Second, and more importantly, even if the evidence EPIC points to were newly discovered, it would not have changed the Court's summary judgment decision. The evidence EPIC now points to could have been considered in connection with the breach-of-contract claim *only* if the terms of the parties' Consulting Agreement were ambiguous. See JA Apparel Corp. v. Abboud, 568 F.3d 390, 397 (2d Cir. 2009) (explaining that only where "the contract language creates ambiguity" may "extrinsic evidence as to the parties' intent" be "properly considered"). In granting summary judgment to PPD on Count I, the Court concluded that the terms in the Consulting Agreement as it related to calculation of the 2021 Success Fee were clear and unambiguous and thus the fee had to be determined solely by reliance on the language in the contract. See ECF No. 55 at 2-3, 6-8. Put simply, the evidence EPIC relies on is extrinsic

---

[2] To be sure, the version EPIC received in November 2021 did not have the independent actuary's name on it; the document EPIC received instead appeared to have been prepared by PPD. ECF No. 113 at 3-4. But the calculation of the fee is the same in both versions and the calculation is the significant aspect of the document that EPIC relies on, as EPIC now argues that the calculation supported its interpretation of how the fee should be computed. ECF No. 107 at 10-11 (arguing that calculation in presentation applied the inflationary adjustment to a total cost number and multiplied the inflationary trend by the total cost of care for a specific year). Moreover, the fact that the version EPIC had prior to the commencement of the litigation was "covered in PPD branding" would only have supported EPIC's argument at summary judgment that PPD and EPIC both understood that the 2021 Success Fee had to be calculated in the way advanced by EPIC. See id. at 5 (emphasis removed). Consequently, that the document EPIC received after the Court's summary judgment decision indicated that it was prepared by PPD's independent actuary is of no moment.

evidence that could not have been relied on to alter the unambiguous meaning of the terms in the

Consulting Agreement, even if EPIC had pointed to that evidence in opposing summary

judgment.[3] See JA Apparel Corp., 568 F.3d at 397 (explaining that where the contract is

unambiguous, the court cannot consider extrinsic evidence as to the party's intent).

EPIC rehashes the argument it made in opposition to summary judgment, arguing that the

Consulting Agreement is not clear and unambiguous. ECF No. 120 at 6-7. But the Court

previously rejected this argument. See Rockland Exposition, Inc. v. Alliance of Automotive

Service Providers of N.J., 894 F. Supp. 2d 288, 344 (S.D.N.Y. 2012) (noting that party seeking

reconsideration had done "nothing more than rehash the arguments it previously made" in

response to motion for partial summary judgment and noting that a motion for reconsideration is

not a vehicle for a litigant "to make arguments already presented to, and rejected by, the

[C]ourt") (alteration in original). Finally, the Court has considered all of the other arguments

raised by EPIC in its motion. To the extent not specifically addressed herein, the arguments are

meritless.

---

[3] EPIC also argues that the calculation in the November 2021 presentation is inconsistent with the calculation advanced by PPD in its summary judgment motion. ECF No. 120 at 8-9. But as PPD explains, there is no inconsistency because the November 2021 presentation calculated the TCOC Savings Target for 2020, not 2021, which was the year at issue in the summary judgment motion. ECF No. 113 at 7-8.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's second motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 105.

**SO ORDERED.**

DATED:    December 29, 2025
          New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge